## BRENNAN *et al.* v. GASTON *et al.*   No. 3126.

ACTION for damages for trespass alleged to have been committed by defendants upon certain quartz mining claims; and also for a perpetual injunction against future trespasses, which was granted. Defendants deny all the allegations of the complaint, and set up ownership of certain mining ground. Verdict generally "for defendants," and judgment in their favor for costs. Defendants move to amend the judgment by dissolving the injunction. Motion denied, but the judgment modified so as to permit defendants to work the ground set up in their answer. After the term had expired, defendants appeal from this order refusing to dissolve the injunction, and subsequently, upon defendants giving bond, the Judge, in chambers, made an *ex parte* order directing plaint-

Brennan *v.* Gaston.

iffs to yield possession of the ground described in the answer to defendants, which order plaintiffs refused to obey; and then followed an order to show cause why they should not be punished for contempt: *Held,* that the Court had no power to make the *ex parte* order for the restitution of possession or the induction of defendants into possession of the premises—as this was in effect to decide the whole controversy *in limine,* and to execute the judgment by an *ex parte* order; that the possession by plaintiffs of the premises was property, and could not be disposed of except in due course of law; and that all the subsequent orders—for contempt, etc.—being dependent on this, fall with it.

APPEAL from the Ninth District.

Action by plaintiffs to recover damages for alleged trespasses committed by defendants upon certain quartz mining claims, alleged to be the property and in possession of plaintiffs; and also to perpetually enjoin defendants from future trespasses. Injunction granted.

Defendants answered, denying specifically all the allegations of the complaint, and setting up ownership of certain mining grounds, described as five hundred and fifty feet by three hundred feet. The case was tried at the November term of the Ninth Judicial District Court for the county of Shasta, 1860, before a jury; and on the sixteenth day of November, 1860, upon a general verdict of the jury for the defendants, the Court rendered a judgment against plaintiffs for costs.

The defendants subsequently, on the fifth day of December, 1860, moved the Court to amend the judgment of the sixteenth of November by adding to the judgment the words " and that the injunction in this case heretofore granted be, and the same is hereby dissolved; " which motion was overruled, but the judgment was amended to the extent of modifying the injunction so as to permit the defendants to work their surface diggings, as set out in their answer.

The Court finally adjourned for the term on the seventh day of December, 1860. An appeal was taken by defendants, and perfected by filing the requisite notice and bond on the twenty-seventh day of December, 1860. On the twenty-eighth day of December, 1860, defendants filed another bond in the sum of $1,500, and the Judge of said Court, at chambers, made an *ex parte* order directing and requiring the plaintiffs to yield the possession of the ground

described in defendants' answer, to defendants. This order was, on the same day, by the Sheriff served on one of the plaintiffs, who refused to obey it.

On the twenty-ninth of December, 1860, upon application of defendants, the Judge made an order directing the plaintiffs and several other persons named in the application to be summoned to appear on the third of January, 1861, before the Judge, at chambers, to show cause why they should not be punished for contempt.

To the summons plaintiffs appeared on the third of January, and filed their answer denying the authority and jurisdiction of the Judge to make the order of the twenty-eighth of December, 1860, or any subsequent orders. Afterwards, January 4th, 1861, the Judge made an order reaffirming the order of December 18th, 1860.

Plaintiffs appeal from the order of December 28th, 1860, and from the order of January 4th, 1861.

*R. T. Sprague,* for Appellants.

The Judge erred in making the order of the twenty-eighth of December, 1860, and all other orders made in the case subsequent to the adjournment of the Court for the term, on the seventh of December, 1860. He has no power or jurisdiction to make such orders. (*Morrison* v. *Dapman & West,* 3 Cal. 255 ; *Carpenter* v. *Hart,* 5 Id. 406 ; *Robb* v. *Robb,* 6 Id. 21 ; *Shaw* v. *McGregor,* 8 Id. 520 ; *Bryan* v. *Berry,* Id. 130 ; 2d Eden on Injunctions, 3d ed. 425, note 1 ; *Whipley* v. *Dewey, infra.*)

*A. C. Monson,* for Respondents, argued the case orally.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The orders in this case were irregular. The Court had no power to make an *ex parte* order for the restitution of the possession or the induction of the defendants into the possession of the premises in question. This was, in effect, both to decide the whole controversy *in limine,* and to execute the judgment by the compendious process of an *ex parte* order. The Judge in chambers could not

in this way act upon the matter in controversy; for a possession of the subject of controversy is property, and cannot be disposed of except in due course of law; but there is no statute or rule of law of which we are aware which authorizes this act.   The subsequent orders dependent upon this partake of its invalidity.

Orders appealed from reversed.